**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

WILLIAM E. POWELL,

    Plaintiff,

v.                                                Case No. 14-13869

MIDLAND NATIONAL LIFE INSURANCE
COMPANY,

    Defendant.

                                                                            /

**ORDER DISMISSING PLAINTIFF'S COMPLAINT**

Plaintiff William E. Powell, *pro se*, sues Midland National Life Insurance for allegedly violating multiple federal statutes and improperly managing his father's trust and life insurance policy. (Dkt. # 6.) Powell brought an almost identical case against Midland and Selik Wealth Management on August 18, 2014. *Powell v. Midland Nat'l Life Ins. Co.,* No. 14-13193 (E.D. Mich. Sept. 30, 2014). This court dismissed that case for lack of subject matter jurisdiction on September 30, 2014. *Id.* Less than a month later, Powell filed this claim against Midland, dropping Selik as a defendant. (Dkt. # 6.)

Now before the court is Midland's Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Dkt. # 12.) A hearing was held on September 23, 2015 during which this matter was consolidated with a companion case brought by Plaintiff against First Allied Security. Counsel for First Allied brought a motion to dismiss for lack of standing, which the court granted and now raises *sua sponte* in the present matter.

The Supreme Court has stated that to have standing, "the plaintiff must have suffered an injury in fact — an invasion of a legally protected interest which is (a)

concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders fo Wildlife,* 504 U.S. 555, 561 (1992) (internal citations omitted). At the heart of the instant case are allegations concerning the management of a trust set up by Plaintiff's father. (Dkt. # 1.) It is undisputed that Plaintiff's father named Amelia Powell successor trustee of the trust, and Plaintiff as a future beneficiary. (Dkt. # 1, Pg. ID 21, 34.) As such, while Plaintiff may have a future potential interest in the trust, he does not have a present possessory interest. Any injury he may sustain, therefore, is merely "conjectural or hypothetical" at this point, and not enough to confer standing.

Even if Plaintiff did have standing, this court does not have jurisdiction to decide the case. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a case lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co of Am.*, 511 U.S. 375, 377 (1994). Federal courts have original jurisdiction of "all civil actions arising under the Constitution, laws or treaties of the United States," 28 U.S.C. § 1331, as well as those cases which satisfy the diversity and amount in controversy requirements enumerated in 28 U.S.C. §1332.

While Plaintiff's complaint mentions the Securities and Exchange Act of 1934 and the federal RICO statute, Plaintiff has failed to satisfy his burden of proof. "[M]erely adding a citation to a federal statute in the 'Jurisdiction and Venue' section of a complaint without asserting any claims that arise under federal law is not sufficient to create federal subject-matter jurisdiction." *Powell v. Midland Nat'l Life Ins. Co.,* No. 14-13193 (E.D. Mich. Sept. 30, 2014). Plaintiff did not allege any facts that would suggest

that Defendant actually committed security fraud (Dkt. # 16, Pg. ID 200-03) and now completely "denies citing Plaintiff's claims arise under the Federal RICO statute," (Dkt. # 14, Pg. ID 189). As such, no federal statute is implicated, and therefore plaintiff has not established federal-question jurisdiction.

Nor has Plaintiff proven jurisdiction is appropriate under § 1332. Diversity jurisdiction requires that the amount in controversy of a case exceed $75,000. While in general, "the amount claimed by a plaintiff in his complaint determines the amount in controversy[,]" *Rosen v. Chrysler Corp.*, 205 F.3d 918, 921 (6th Cir. 2000), when it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount[,]" the claim should be dismissed. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). It is legally certain that a "claim is less than the jurisdictional amount when the applicable law bars the type of damages sought by plaintiff." *Rosen*, 205 F.3d at 921.

Here, Plaintiff seeks thirty-five percent of the $205,000 Midland Annuity, plus punitive damages to the tune of $400,000. (Dkt # 12, Pg. ID 115-16.) Punitive damages are not available for a breach of contract claim unless the facts are extreme or amount to an independent tort, neither of which is the case here. *See Barnes v. Gorman*, 536 U.S. 181 (2002) (citing Restatement (Second) of Contracts § 335 (Am. Law Inst. 1981)). As such, Plaintiff's complaint is reduced to only a $71,750 claim — several thousand dollars below the federal threshold. In addition, Plaintiff's mother, as successor trustee, is an indispensable party whose joinder would destroy diversity. Accordingly, Plaintiff has failed to establish diversity jurisdiction, as well. Therefore, for the reasons stated above and on the record,

IT IS ORDERED that Plaintiff's complaint is DISMISSED.

    s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: September 28, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 28, 2015, by electronic and/or ordinary mail.

    s/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522